IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

      Plaintiff,                               No. CIV S-09-2453 EFB P

      vs.

M. FORSYTHE, et al.,

      Defendants.               <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. His declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

      The court has reviewed plaintiff's complaint, and for the limited purposes of § 1915A screening, finds that it states cognizable Eight Amendment claims against defendants M. Forsythe, Leese, Fenninokon, Ramirez, Hurtado, T. Forsythe, and O'Brian. *See* 28 U.S.C. § 1915A. The complaint does not state a cognizable claim against defendants McNally,

Dysekevice, Thumser, Peterson, or Arnold.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

////

Plaintiff fails to allege how defendants McNally, Dysekevice, Thumser, Peterson, or Arnold were personally involved in violating his rights. It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Since plaintiff does not make any factual allegations as to these defendants, he cannot proceed against them unless he cures these deficiencies in an amended complaint.

If plaintiff intends to pursue claims against specific individuals who allegedly violated his constitutional rights, the court notes that the Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S. at 835-37. Neither defendant's negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

Plaintiff may proceed forthwith to serve defendants M. Forsythe, Leese, Fenninokon, Ramirez, Hurtado, T. Forsythe, and O'Brian and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state cognizable claims against defendants

McNally, Dysekevice, Thumser, Peterson, or Arnold.

If plaintiff elects to attempt to amend his complaint, he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against defendants M. Forsythe, Leese, Fenninokon, Ramirez, Hurtado, T. Forsythe, and O'Brian, against whom he has stated cognizable claims for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against the remaining defendants without prejudice.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against

4

different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants M. Forsythe, Leese, Fenninokon, Ramirez, Hurtado, T. Forsythe, and O'Brian.

Plaintiff has requested that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

////

1	Plaintiff also requests that the court stay this action because he is claustrophobic, cannot concentrate in his cell, has carpal tunnel syndrome, is currently in segregation, is heavily medicated, and is awaiting surgery to have his gall bladder removed. Dckt. No. 6. The court will not stay this action, but should plaintiff require an extension of time to comply with this order, or future orders, he may request an extension of time to do so.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations in the pleading are sufficient at least to state cognizable Eighth Amendment claims against defendants M. Forsythe, Leese, Fenninokon, Ramirez, Hurtado, T. Forsythe, and O'Brian. *See* 28 U.S.C. § 1915A. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against the remaining defendants. Plaintiff is not obligated to amend his complaint.

4. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed September 1, 2009, seven USM-285 forms and instructions for service of process on defendants M. Forsythe, Leese, Fenninokon, Ramirez, Hurtado, T. Forsythe, and O'Brian. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and eight copies of the September 1, 2009 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendant Williams will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against the remaining defendants without prejudice.

////

5.  Plaintiff's September 29, 2009 and December 4, 2009 requests for counsel are denied.

6.  Plaintiff's December 4, 2009 motion to stay is denied

7.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: February 25, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

    Plaintiff,                    No. CIV S-09-2453 EFB P

    vs.

M. FORSYTHE, et al.,

    Defendants.               <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

                       /

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        __1__        completed summons form

        __7__        completed forms USM-285

        __8__        copies of the September 1, 2009 Complaint

Dated:

                                                  Plaintiff