IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

    Plaintiff,                   No. CIV S-09-2453 EFB P

    vs.

M. FORSYTHE, et al.,

    Defendants.             <u>ORDER</u>

         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On February 25, 2010, the court granted plaintiff leave to file an amended complaint. On November 1, 2010, after several extensions of time, plaintiff filed an amended complaint. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

         Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment and First Amendment retaliation claims against defendants T. Forsythe, M. Forsythe, Leese, Fenninokon, Dysekevice, Ramirez, Hurtado, and O'Brian. For the reasons stated below, the remaining claims and defendants will be dismissed with leave to amend.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

Plaintiff's complaint concerns circumstances of a cell extraction that allegedly occurred on May 5, 2005 at the California Medical Facility in which he was forcefully removed from a cell. Plaintiff claims to be claustrophobic, and for that reason, did not want to be moved to a cell without a window. During the cell extraction, plaintiff claims he was sprayed with two full cans of OC pepper spray, and was shot in the back with some type of pellet gun at a distance of fewer than eight feet. Plaintiff alleges that defendants Thumser and Peterson planned the cell

1  extraction, with the approval of defendant Arnold.  Plaintiff does not allege who executed the
2  cell extraction.

3  While it appears that plaintiff intends to allege an Eighth Amendment excessive force
4  claim, plaintiff has not alleged sufficient facts to state a cognizable claim for relief.  The Eighth
5  Amendment prohibits the infliction of "cruel and unusual punishments" and the "unnecessary
6  and wanton infliction of pain" constitutes cruel and unusual punishment. *Whitley v. Albers*, 475
7  U.S. 312, 319 (1986).  In order to state a claim for the use of excessive force in violation of the
8  Eighth Amendment, plaintiff must allege facts that, if proven, would establish that prison
9  officials applied force "maliciously and sadistically to cause harm," rather than in a good-faith
10 effort to maintain or restore discipline.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  Plaintiff's
11 allegations fail to suggest who used force against plaintiff, and why force was used, that is,
12 whether it was for the purpose of causing harm, or in the context of restoring discipline.
13 Plaintiff's claims against defendants Thumser, Peterson and Arnold will therefore be dismissed
14 with leave to amend.

15 After plaintiff was extracted from his cell, he claims that defendants T. Forsythe, M.
16 Forsythe, Leese, Fenninokon, Dysekevice, Ramirez, Hurtado, and O'Brian, shoved him under
17 hot water to retaliate against plaintiff for filing inmate appeals and out of hatred of plaintiff's
18 race.  Even though plaintiff yelled, defendants allegedly held him in the water for another 30
19 seconds.  Plaintiff alleges that M. Forsythe seemed to agree that the water was too hot, but only
20 because the event was being videotaped.  Plaintiff was allegedly shoved into the water for
21 another 45 seconds, even though it was still too hot.  Allegedly, some or all of these defendants
22 then started banging plaintiff's head into the shower wall and twisting plaintiff's body into a
23 crack in the wall.  They then purportedly strapped plaintiff face down to a gurney and put a spit
24 mask on plaintiff to prevent him from blowing away the OC pepper spray.  About 40 minutes
25 later, they allegedly splashed plaintiff's face with cold water, causing plaintiff to choke.  Plaintiff
26 claims he was injured, but that defendants prevented him from receiving necessary medical

attention and continued to batter him.

These allegations, if true, state cognizable Eighth Amendment and First Amendment retaliation claims against defendants T. Forsythe, M. Forsythe, Leese, Fenninokon, Dysekevice, Ramirez, Hurtado, and O'Brian. However, they are insufficient for purposes of stating a cognizable equal protection claim. The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To state a claim under § 1983 alleging violations of the equal protection clause, plaintiff must allege facts showing that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne*, 473 U.S. at 440-41 (listing suspect classes). Plaintiff must also plead facts to demonstrate that defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). To support a plausible claim for relief for an equal protection violation, plaintiff must specifically allege facts that support the inference that defendants acted with discriminatory intent or purpose. Plaintiff has failed to do so. The equal protection claim will therefore be dismissed with leave to amend.

Plaintiff may proceed forthwith to serve defendants T. Forsythe, M. Forsythe, Leese, Fenninokon, Dysekevice, Ramirez, Hurtado, and O'Brian and pursue his claims against only those defendants or he may delay serving any defendant and attempt to cure the deficiencies identified herein. If plaintiff elects to attempt to amend his complaint he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against defendants T. Forsythe, M. Forsythe, Leese, Fenninokon, Dysekevice, Ramirez, Hurtado, and O'Brian, then within 30 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of the remaining claims and defendants, without prejudice.

////

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims

5

in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants T. Forsythe, M. Forsythe, Leese, Fenninokon, Dysekevice, Ramirez, Hurtado, and O'Brian

Accordingly, the court hereby ORDERS that:

1. The equal protection claim and claims against defendants Thumser, Peterson and Arnold are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint in accordance with this order. Plaintiff is not obligated to amend his complaint.

////

2. The allegations in the pleading are sufficient at least to state potentially cognizable Eighth Amendment and First Amendment retaliation claims against defendants T. Forsythe, M. Forsythe, Leese, Fenninokon, Dysekevice, Ramirez, Hurtado, and O'Brian. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed November 1, 2010, eight USM-285 forms and instructions for service of process on defendants T. Forsythe, M. Forsythe, Leese, Fenninokon, Dysekevice, Ramirez, Hurtado, and O'Brian. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and nine copies of the November 1, 2010 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants T. Forsythe, M. Forsythe, Leese, Fenninokon, Dysekevice, Ramirez, Hurtado, and O'Brian will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing all remaining claims, without prejudice.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 24, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

        Plaintiff,                        No. CIV S-09-2453 EFB P

    vs.

M. FORSYTHE, et al.,

                                  <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

       In accordance with the court's order filed _____, plaintiff hereby elects to:

       (1) _____ consent to the dismissal of the equal protection claim and claims against defendant Thumser, Peterson and Arnold without prejudice, and submits the following documents:

            __1__      completed summons form

            __8__      completed forms USM-285

            __9__      copies of the November 1, 2010 Amended Complaint

       **OR**

       (2) _____ delay serving any defendant and files a second amended complaint in an attempt to cure the deficiencies in the equal protection claim and the claims against defendant Thumser, Peterson and Arnold

Dated:

                                                  _____
                                                        Plaintiff